# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH STEPHEN WEST, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:17-cv-01212-SGC |
| JAYME AMBERSON, et al., | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER[1]

On July 20, 2017, Joseph Stephen West, proceeding *pro se*, filed this action against Jayme Amberson and Wendall Ward pursuant to 42 U.S.C. § 1983. (Doc. 1). Defendant Amberson filed a motion to dismiss on August 16, 2017. (Doc. 4). Defendant Ward filed a motion to dismiss on September 14, 2017. (Doc. 13). Both motions are fully briefed and before the court for decision. For the reasons stated below, Amberson's motion to dismiss (Doc. 4) is due to be granted and Ward's motion to dismiss (Doc. 13) is due to be denied.

## I. BACKGROUND

On April 6, 2017, Plaintiff filed a complaint in Calhoun County Circuit Court against Jayme Amberson, former Assistant District Attorney for Calhoun County, alleging claims of malicious prosecution and fraud. (Doc. 5-1). On May

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 17).

16, 2017, Amberson filed a motion to dismiss,[2] arguing she was absolutely immune from suit pursuant to prosecutorial immunity, and asked the court to dismiss the complaint with prejudice. On May 25, 2017, Circuit Judge Bud Turner granted Amberson's motion to dismiss.[3] (Doc. 5-2). Two months later, on July 20, 2017, Plaintiff filed a complaint in this court. (Doc. 1).

## II. DISCUSSION

Defendant Amberson contends Plaintiff's claims against her are barred by the doctrine of *res judicata*. (Docs. 4 & 5). Defendant Ward contends Plaintiff's claims against him are similarly barred by the doctrine of *res judicata* and collateral estoppel. (Docs. 13 & 14). The court addresses each defendant separately.

### A. Defendant Amberson

"When [a federal court] consider[s] whether to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the

---

[2] The court may take judicial notice of the plaintiff's state court records in *West v. Amberson*, 11-CV-2017-000013. *See Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)); *see also Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013) ("the district court was permitted to take judicial notice of Grider's state court criminal proceedings"); *see also Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of DeKalb County Superior Court Online Judicial System pursuant to Fed. R. Evid. 201).

[3] The consolidated case action summary, as well as the general docket sheet "court action" description, lists the case as dismissed without prejudice for "juris. or pros." According to Judge Turner's order, however, this clerical notation is incorrect. The court granted the motion to dismiss and did not note it was without prejudice or for lack of jurisdiction or failure to prosecute. Therefore, the motion was clearly one for dismissal with prejudice based on prosecutorial immunity, and the undersigned treats the dismissal as such.

state whose decision is set up as a bar to further litigation." *Muhammad v. Secretary, Florida Dept. of Corrections*, 739 F.3d 683, 688 (11th Cir. 2014) (internal quotations and citations omitted). In Alabama, "[t]he doctrine of *res judicata* bars subsequent claims involving the 'identical parties, facts and subject matter litigated, or those which could have been litigated, in an earlier lawsuit.'" *Higgins v. Henderson*, 551 So. 2d 1050, 1052 (Ala. 1989) (quoting *Chavers v. National Sec. Fire & Cas. Co.*, 456 So. 2d 293, 294 (Ala. 1984)). Stated differently,

> [t]he traditional *res judicata* case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action.

*Whisman v. Alabama Power Co.,* 512 So. 2d 78, 81 (Ala. 1987) (internal citations omitted).

Plaintiff contends *res judicata* does not bar the instant complaint against Amberson because the state court complaint was not dismissed on the merits. (Doc. 11). The court disagrees. The law is clear dismissal for failure to state a

claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits. *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981). It follows, therefore, that Alabama Rule of Civil Procedure 12(b)(6) is a judgment on the merits as they both are dismissals for failure to state a claim upon which relief can be granted.

In the state court action, Amberson moved for dismissal for failure to state a claim based on prosecutorial immunity under Alabama law and sought dismissal with prejudice. Her motion argued the allegations contained in the complaint squarely fell within the scope of her prosecutorial discretion and, therefore, Plaintiff could prove no set of facts entitling him to relief. Judge Turner granted the motion to dismiss. That dismissal was a judgment on the merits.

There is no question the remaining elements of the *res judicata* test are satisfied. Plaintiff does not dispute the prior decision was rendered by a court of competent jurisdiction and the parties were identical in both suits. Additionally, a review of both complaints shows all causes of actions against Amberson asserted in this case were also raised in the complaint in Calhoun County. Accordingly, Amberson's motion to dismiss is **GRANTED**.

**B. Defendant Ward**

Ward argues the claims against him are barred by *res judicata* and collateral estoppel. (Docs. 13, 14). Plaintiff contends that *res judicata* does not apply to

4

Defendant Ward because he was not a party to the complaint filed in Calhoun County. (Doc. 19). Plaintiff does not address Ward's collateral estoppel argument. (*See id.*).

Plaintiff is correct *res judicata* does not apply but not for the reasons articulated. Identity of party is not the problem with Ward's *res judicata* argument. The fourth element of *res judicata*, that each suit is based on the same cause of action, is not met. The determination whether the cause of action is the same in two separate suits depends on whether the issues in the two actions are the same and whether the same evidence would support a recovery for the plaintiff in both suits. *Dominex, Inc. v. Key*, 456 So. 2d 1047, 1054 (Ala.1984). In other words, the fourth element is met when the issues involved in the earlier suit comprehended all that is involved in the issues of the later suit. *Adams v. Powell*, 225 Ala. 300, 142 So. 537 (1932).

In the instant complaint, West asserts a claim for malicious prosecution, false imprisonment, and fraud against Ward. (Doc. 1-1 at 9-10). The facts detailed in the complaint here are not described in his complaint in Calhoun County. The allegations contained in the complaint in Calhoun County surround West's April 2015 arrest for solicitation of prostitution, his prosecution and 109 days imprisonment for the same, and events occurring while in jail. (Doc. 5-1 at 3-12). Here, the allegations against Ward focus on West's second arrest in December

2015, prosecution, and additional 52 days in jail. (Doc. 1 at 2-3, 9-10). The facts allege separate causes of action against Ward, not alleged in the Calhoun County complaint. Therefore, the doctrine of *res judicata* does not bar West's claims against Ward.

Similarly, the defense of collateral estoppel does not bar West's claims against Ward. Where a plaintiff sues a different defendant on issues arising from the same nucleus of facts as an earlier complaint, the defense of collateral estoppel can be used to preclude the second or later lawsuit. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Found.*, 402 U.S. 313, 328 (1971); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 328 (1979). The doctrine of collateral estoppel does not require identity of the causes of action involved but does require: (1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties. *Pierce v. Rummell*, 535 So. 2d 594, 596–97 (Ala. 1988); *Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985); *Wheeler v. First Ala. Bank of Birmingham,* 364 So. 2d 1190, 1199 (Ala. 1978).

Ward does not meet the requirements for collateral estoppel. As explained above, the allegations against Ward are from a totally separate incident and were not addressed by Amberson in her defense in the state action. The issues presented by West's claims against Ward were not identical or litigated in the earlier lawsuit.

Therefore, the doctrine of collateral estoppel is not a bar to West's action against Ward.

## III. CONCLUSION

For these reasons, Defendant Amberson's motion to dismiss (Doc. 4) is **GRANTED,** and it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that final judgment be entered in favor of Defendant Amberson against all claims asserted by Plaintiff West. Defendant Ward's motion to dismiss (Doc. 13) is **DENIED** and his supplemental motion to dismiss (Doc. 25) is **MOOT**. Ward **SHALL** file an answer to the complaint within fourteen days of the date of this order.

**DONE** and **ORDERED** this 9th day of February, 2018.

*/s/ Staci G. Cornelius*
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE